UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL CIMINO | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| H&P CAPITAL, INC. | |
| NOEL POOLER | JURY TRIAL DEMANDED |
| GARY HENRION | |
| TAMMY MACKEY | |
| Defendants | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Paul Cimino, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Paul Cimino, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the State of New Jersey and Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Paul Cimino, is an adult natural person residing at 42 Longbow Drive, Sewell, NJ 08080.

5. Defendant, H&P Capital, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 1919 Blanding Boulevard, Suite 104, Jacksonville, FL 33210.

6. Defendant, Noel Pooler is an adult individual and officer of Defendant corporation with an address of 2307 Aldridge Avenue, Fort Myers, Florida 33912.

7. Defendant, Gary Henrion is an adult individual and officer of Defendant corporation with an address of 13863 Pine Villa Drive, Fort Myers, Florida 33912.

8. Defendant, Tammy Mackey is an adult individual and officer of Defendant corporation with an address of 2517 Sigma Court, Orange Park, Florida 32073.

9. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

10. In or around the early February, Defendant began a barrage of harassing and abusive communications to Plaintiff regarding an alleged debt, namely a Cash Banc payday loan.

11. Defendant's agents, including but not limited to Mr. Wellington, Fred Cameron and Bruce Alter, threatened Plaintiff repeatedly with litigation.

12. On February 9, 2009, Defendant's agent, Mr. Wellington stated that he was calling concerning "information received in his office with Plaintiff's name on it" and had personally reviewed the matter and had been advised to get a statement from the Plaintiff.

13. Upon calling Defendant's agent, Mr. Wellington on February 13, 2009, Plaintiff was informed the call was "in regards to a pending legal matter being filed". Mr. Wellington further stated that Defendant had been hired by their client to "recommend whether or not to proceed with legal action against Plaintiff in accordance with his county law". Mr. Wellington asked Plaintiff if he would like to resolve the matter voluntarily.

14. In a conversation with Defendant's agent, Fred Cameron, which occurred on or around February 16, 2009, Plaintiff was told that the alleged debt was "an outstanding transaction on or above $500.00, which in the State of New Jersey could possibly be construed as willful intent, a Class 1". Additionally, Mr. Cameron stated that what Plaintiff had done was "against the law across the country". Mr. Cameron further stated, "Our client has other leverage against you. Don't pay it. Our client stands to make a lot more money by holding you accountable for your actions. This is your life we're dealing with here so it doesn't really matter to me."

15. In a conversation with Defendant's agent, Bruce Alter, which also occurred on or around February 16, 2009, Plaintiff was informed that Mr. Cameron was "in a meeting with several of the attorneys and then had some street work to do".

16. Defendant has not sued Plaintiff, nor do they intend to sue Plaintiff in regards to the alleged debt, therefore the intentional deceptions on the part of the Defendant are in violation of the FDCPA.

17. Defendant failed to send Plaintiff the 30 day validation notice within 5 days of initial contact as required by Federal Law.

18. Defendant continues to attempt to abuse, harass and deceive Plaintiff in regards to the alleged debt.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

20. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## FACTUAL ALLEGATIONS REGARDING PIERCING THE CORPORAT VEIL

25.     The three individual defendants actively attempt the collection of debts.

26.     The three individual defendants promote unlawful activity within the corporation.

27.     The three individual defendants have under capitalized the corporation.

28.     The three individual defendants have opened other corporate entities for the same purpose, litigation ensues and the corporations close and re-open under different names.

29.     The corporate entity is merely a shell to hide the unlawful activity promoted by the individual defendants.

## COUNT 1 – FDCPA

30.     The above paragraphs are hereby incorporated herein by reference.

31.     At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), d, d(2), d(5), d(6), e, e(2), e(3), e(4), e(5), e(7), e(10), e(11), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, H&P Capital, Inc. for the following:

    a.     Declaratory judgment that Defendant's conduct violated the FDCPA;
    b.     Actual damages;
    c.     Statutory damages pursuant to 15 U.S.C. § 1692k;
    d.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and
    e.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT 2 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.     The plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs one through thirty-two.

34.     During the course of plaintiff's communications with Defendants, plaintiff was subjected to threats and harassment as indicated more specifically above.

35.     Such acts on the part of the defendants were done intentionally, maliciously and while in the normal course of the defendants' business activities.

36.     Defendant's extreme and outrageous conduct was done intentionally and without privilege.

37.     As a direct and proximate result of said intentional and malicious acts, the plaintiff was caused to feel oppressed, intimidated and suffered severe emotional distress incurred great mental and physical anguish, anxiety, nervousness, and embarrassment

WHEREFORE, the plaintiff, demands judgment against the all defendants for damages including cost, reasonable attorneys fees and punitive damages.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

WARREN & VULLINGS, LLP

Date: March 18, 2009            BY:    */s/ Bruce K. Warren*
                                Bruce K. Warren, Esquire
                                Warren & Vullings, LLP
                                1603 Rhawn Street
                                Philadelphia, PA  19111
                                215-745-9800   Fax 215-745-7880
                                Attorney for Plaintiff